IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>COMPLETE WEIGHTLOSS CENTER, INC.,  )<br>TERRY GUTHMILLER, and  )<br>DAVID GUTHMILLER,  )<br><br>Defendants.  ) | Civil No. |

## STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF

Plaintiff, the Federal Trade Commission ("FTC"), has commenced this action by concurrently filing its Complaint and this Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief ("Order"). The Complaint seeks a permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 917(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c), and charges Defendants Complete Weightloss Center, Inc., Terry Guthmiller, and David Guthmiller with unfair and deceptive acts and practices in connection with the advertisement, marketing, promotion, offering for sale, sale, or distribution of dietary supplements, online support coaching services, and product savings programs.

Defendants have waived service of the Summons and Complaint. The parties have agreed to entry of this Order and have requested that the Court enter the same to resolve all matters in dispute in this action.

## FINDINGS

1.  This Court has jurisdiction over the subject matter of this action and all parties hereto. Venue in the District of North Dakota is proper.

2.  The activities of Defendants are in or affecting commerce, as defined herein.

3.  The Complaint states a claim upon which relief may be granted against Defendants under Sections 5(a), 12, and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52, and 53(b), and Sections 907(a) and 917(c) of the Electronic Fund Transfer Act, 15 U.S.C. § 1693e(a) and 1693o(c), and the FTC has the authority to seek the relief it has requested.

4.  Defendants waive: (a) all rights to seek review or otherwise challenge or contest the validity of this Order; (b) any claim Defendants may have against the FTC, its employees, representatives, or agents as of the date of this Order; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64, as of the date of this Order and (d) any rights to attorneys' fees that may have arisen under said provision of law as of the date of this Order.

5.  The FTC and Defendants stipulate and agree to this Order, without trial or adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of this Order. Defendants do not admit any of the allegations set forth in the Complaint, other than jurisdictional facts.

6.  This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

7.  Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.    **"Billing Information"** means any data that enables any person to access a consumer's account, such as a credit card, checking, savings, share, or similar account, utility bill, mortgage loan account, or debit card.

2.    **"Clearly and Conspicuously"** means:

    a.    in print communications, the message shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears;

    b.    in communications disseminated orally, the message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it;

    c.    in communications made through an electronic medium (such as television, video, radio, and interactive media such as the Internet, online services and software), the message shall be presented simultaneously in both the audio and visual portions of the communication.  In any communication presented solely through visual or audio means, the message may be made through the same means in which the communication is presented.  In any communication disseminated by means of an interactive electronic medium such as software, the Internet, or online services, a disclosure must be unavoidable and presented prior to the consumer incurring any financial obligation.  Any audio message shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it.  Any visual message shall be of a size and shade, with a

degree of contrast to the background against which it appears and shall appear on the screen for a duration and in a location, sufficiently noticeable for an ordinary consumer to read and comprehend it; and

    d.    regardless of the medium used to disseminate it, the message shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the message shall be used in any communication.

3.    **"Commerce"** means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation.

4.    **"Competent and Reliable Scientific Evidence"** means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

5.    **"Defendants"** means Complete Weightloss Center, Inc., its successors and assigns, Terry Guthmiller, and David Guthmiller.  "Corporate Defendant" means Complete Weightloss Center, Inc. and its successors and assigns.  "Individual Defendants" means Terry Guthmiller and David Guthmiller.

6.    **"Endorsement"** means any advertising message (including verbal statements, demonstrations, or depictions of the name, signature, likeness or other identifying personal characteristics of an individual or the name or seal of an organization) which message consumers are likely to believe reflects the opinions, beliefs, findings, or experience of a party other than the sponsoring advertiser.  The party whose opinions,

beliefs, findings, or experience the message appears to reflect will be called the endorser
and may be an individual, group or institution.

7.  **"Food"** means:

    a.    articles used for food or drink for man or other animals;

    b.    chewing gum; and

    c.    articles used for components of any such article.

8.  **"Drug"** means:

    a.    articles recognized in the official United States Pharmacopoeia, official
        Homoeopathic Pharmacopoeia of the United States, or official National
        Formulary, or any supplement to any of them;

    b.    articles intended for use in the diagnosis, cure, mitigation, treatment, or
        prevention of disease in man or other animals;

    c.    articles (other than food) intended to affect the structure or any function of the
        body of man or other animals; and

    d.    articles intended for use as a component of any article specified in clause (a), (b),
        or (c); but does not include devices or their components, parts, or accessories.

9.  **"Device"** means an instrument, apparatus, implement, machine, contrivance, implant, in
vitro reagent, or other similar or related article, including any component, part, or
accessory, which is:

    a.    recognized in the official National Formulary, or the United States Pharmacopeia,
        or any supplement to them;

    b.    intended for use in the diagnosis of disease or other conditions, or in the cure,
        mitigation, treatment, or prevention of disease, in man or other animals, or

c.   intended to affect the structure or any function of the body of man or other

animals, and which does not achieve any of its principal intended purposes

through chemical action within or on the body of man or other animals and which

is not dependent upon being metabolized for the achievement of any of its

principal intended purposes.

10.   **"Negative Option Feature"** means, in an offer or agreement to sell or provide any

product or service, a provision under which the consumer's silence or failure to take an

affirmative action to reject products or services or to cancel the agreement is interpreted

by the seller or provider as acceptance of the offer.  Agreements with negative option

features include, but are not limited to: (i) free or introductory price trial offers in which

the consumer receives a product or service for free or at a nominal or introductory price

for an initial period and will incur an obligation to pay or pay a greater amount for the

product or service if he or she does not take affirmative action to cancel, reject, or return

the product or service before the end of that period; (ii) continuity plans in which,

subsequent to the consumer's agreement to the plan, the seller or provider automatically

ships products to a consumer unless the consumer notifies the seller or provider within a

certain time not to ship the products; and (iii) automatic renewal plans in which the seller

or provider automatically renews the agreement and charges the consumer unless the

consumer cancels before the renewal.

11.   **"Preauthorized Electronic Fund Transfer,"** as defined by the Electronic Fund Transfer

Act, 15 U.S.C. § 1693a (9), means an electronic fund transfer authorized in advance to

recur at substantially regular intervals.

## PROHIBITION ON MISREPRESENTATIONS

I.      **IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants,

employees, attorneys, and those persons in active concert or participation with them,

whether acting directly or through any sole proprietorship, partnership, limited liability

company, corporation, subsidiary, branch, division, or other entity, who receive actual

notice of this Order by personal service or otherwise, in connection with the advertising,

promoting, offering for sale, or sale of any dietary supplement, food, drug, device, or

health-related program or service, or of any product or service by means of a negative

option feature, are hereby permanently restrained and enjoined from misrepresenting, or

assisting others in misrepresenting, expressly or by implication, any material fact,

including but not limited to:

A.      That a product or service is offered on a "free," "trial," or "no obligation" basis,

or words of similar import, denoting or implying the absence of any obligation on

the part of the recipient of the offer to affirmatively act in order to avoid charges

if, in fact, a charge will be assessed pursuant to the offer unless the consumer

takes affirmative action to cancel;

B.      The amount that a consumer will be charged or billed;

C.      That a consumer will not be charged or billed;

D.      The timing or manner of any charge or bill (including but not limited to the date

of the charge and whether it will be a credit card charge or a checking account

debit);

E.      The length of any trial period that consumers receive before being charged or

billed; and

F.      Through, among other things, mailings, email, billings, credit card charges, and

checking account debits, that a consumer purchased or agreed to purchase a

product or service, or that a transaction has been authorized by a consumer.

## REQUIRED DISCLOSURES

II.      **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, attorneys, and those persons in active concert or participation with them,

whether acting directly or through any sole proprietorship, partnership, limited liability

company, corporation, subsidiary, branch, division, or other entity, who receive actual

notice of this Order by personal service or otherwise, in connection with the advertising,

promoting, offering for sale, or sale of any product or service, are hereby permanently

restrained and enjoined from failing to clearly and conspicuously disclose, before

consumers are asked to pay money, submit consideration, or reveal billing information:

all fees and costs; all material restrictions, limitations, or conditions applicable to the

purchase, receipt, or use of the product or service that is the subject of the offer

(including any promotion associated with free products or services, or products or

services available on a trial basis); and all material terms and conditions of any offer with

a negative option feature, including but not limited to:

A.      The dollar amount of the first payment and when it will be charged, withdrawn, or

become due; the dates or frequency (*e.g.*, monthly, quarterly) of all subsequent

charges or payment(s); and the dollar amount or range of costs of all subsequent

charges or payments;

B.      If a withdrawal will be made or a charge assessed at the end of a trial period

unless the consumer cancels: this fact; when the trial period begins; the length of

the trial period; the specific steps and means by which a cancellation request must

be submitted; and the date by or time period within which a cancellation request

must be received to avoid a charge;

C.     If products are automatically shipped to a consumer or a membership,

subscription, or agreement for products or services that are offered on a periodic

basis is automatically renewed unless the consumer provides notification within a

certain time not to ship or renew: this fact; the length of the subsequent renewal

period; the manner in which a notice not to ship or renew must be submitted; the

date by or time period within which a notice not to ship or renew must be

received to avoid shipment or renewal (*e.g.,* two weeks after the consumer is

advised of an upcoming shipment); and the telephone number, email address, or

street address to which such a notice must be directed; and

D.     All material conditions, limitations and restrictions on the ability of the consumer

to use any product or service that is offered "free," "risk-free," with "no

obligation," or as discounted or reduced in price, or words of similar import

denoting or implying the absence of any obligation on the part of the recipient of

such offer to pay or pay a greater amount for such product or service or to take

affirmative action to avoid incurring payment or increased payment obligations,

whether such product or service is the subject of the offer to the consumer or such

product or service is offered to a consumer who accepts an offer for other

products or services.

## EXPRESS INFORMED CONSENT

**III.   IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined from directly or indirectly using billing information to obtain payment in connection with the marketing of any product or service, without the express informed consent of the consumer, which shall include express informed consent to be charged for the product or service using a specified billing account, and the clear and conspicuous disclosure of the information identified in Section II, above, in close proximity to the consumer's express consent to purchase such products or services. In connection with an offer or agreement with a negative option feature, the following requirements must be met to evidence express informed consent:

A.   One of the following means must be used to evidence that the consumer has given express informed consent:

1.   Obtaining the consumer's express written authorization to purchase the product or service that is the subject of the transaction and the consumer's authorization to assess a charge against a specified account for payment. Such authorization must include the consumer's signature (the term "signature" includes a verifiable electronic or digital form of signature, to

the extent such form of signature is recognized as a valid signature under applicable federal law or state contract law); or

2.   Obtaining the consumer's express oral authorization to purchase the product or service that is the subject of the transaction and the consumer's authorization to assess a charge against a specified account for payment for that product or service that is audio-recorded, as follows:

a.   the recording must evidence that the consumer, during that transaction, at a minimum, has provided the last four (4) digits of the account number to be charged;

b.   the recording must evidence that the disclosure requirements of Section II, above, have been complied with;

c.   the recording must include the entirety of the transaction;

d.   the recording can be identified and located by either the consumer's name or telephone number; and

e.   a copy of the recording is provided upon request to the consumer, the consumer's bank, credit or debit card company or other billing entity, state attorney general or consumer protection agency, and the FTC.

B.   For any transaction involving a service, within the lesser of ten days after the date of the transaction or half the time of any trial period, the consumer must be sent written confirmation of the transaction, identified in a clear and conspicuous manner on the outside of the envelope, via first class mail that includes all the information that is required to be disclosed pursuant to Section II, above, and a

clear and conspicuous statement of the procedures by which the consumer can

cancel or obtain a refund; and

C.     For any transaction involving a product, the first product shipment must contain

written confirmation of the transaction that includes all of the information that is

required to be disclosed pursuant to Section II above, and a clear and conspicuous

statement of the procedures by which the consumer can cancel or obtain a refund;

D.     At least thirty (30) days prior to renewing a consumer's membership,

subscription, or agreement to purchase for any service (in the case of a

membership, subscription, or agreement whose term is six months or longer) and

prior to the submission for payment of a consumer's billing information for such

services, a consumer must be sent written confirmation of such renewal,

identified in a clear and conspicuous manner on the outside of the envelope, via

first class mail that includes all of the information that is required to be disclosed

pursuant to Subsections II.A, B, and D of this Order above, and a clear and

conspicuous statement of the procedures by which the consumer can cancel such

renewal.

## PROHIBITIONS RELATING TO REFUNDS AND CANCELLATIONS

IV.     **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, attorneys, and those persons in active concert or participation with them,

whether acting directly or through any sole proprietorship, partnership, limited liability

company, corporation, subsidiary, branch, division, or other entity, who receive actual

notice of this Order by personal service or otherwise, in connection with the advertising,

promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined:

A.    From failing to disclose, clearly and conspicuously, before consumers are asked to pay money, submit consideration, or reveal billing information:  (1) if a representation is made about a refund or cancellation policy, all material terms and conditions of such policy; or (2) if there is a policy of not making refunds or cancellations, this fact;

B.    If a policy allowing consumers to cancel or obtain a refund has been disclosed to the consumer, from failing to honor any request that complies with such policy; and

C.    From misrepresenting, or assisting others in misrepresenting, expressly or by implication, the terms and conditions of any refund or cancellation policy or policies, including but not limited to, that consumers who accept an offer can easily cancel to avoid the assessment of a charge.

**COMPLIANCE WITH THE ELECTRONIC FUND TRANSFER ACT**

V.    **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined, in connection with any consumer who purchases any product or

service subsequent to the date of this Order and who uses a debit card or other means of electronic funds transfer, from:

A.   Failing to obtain written authorization for Preauthorized Electronic Fund

Transfers from a consumer's account before initiating any Preauthorized

Electronic Fund Transfer, as required by Section 907(a) of the Electronic Funds

Transfer Act, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12

C.F.R. § 205.10(b), as more fully set out in Section 205.10 of the Federal Reserve

Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205, Supp. I, or

as it may hereafter be amended; and

B.   Failing to maintain procedures reasonably adapted to avoid an unintentional

failure to obtain written authorization for a Preauthorized Electronic Fund

Transfer, as required in Section 205.10 of the Federal Reserve Board's Official

Staff Commentary to Regulation E, 12 C.F.R. § 205, Supp. I, or as they may

hereafter be amended.

### FALSE WEIGHT-LOSS REPRESENTATIONS PROHIBITED

VI.   **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants,

employees, attorneys, and those persons in active concert or participation with them,

whether acting directly or through any sole proprietorship, partnership, limited liability

company, corporation, subsidiary, branch, division, or other entity, who receive actual

notice of this Order by personal service or otherwise, in connection with the advertising,

labeling, manufacturing, promoting, offering for sale, or sale of any dietary supplement,

food, or non-prescription drug or device, are hereby permanently restrained and enjoined

from making any representation, expressly or by implication, including through the use of endorsements or product names, that such product:

A.    Causes substantial weight loss for all users;

B.    Causes permanent weight loss; or

C.    Causes weight loss without the need to exercise or reduce caloric intake.

**REPRESENTATIONS PROHIBITED UNLESS TRUE AND SUBSTANTIATED**

VII.    **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, labeling, manufacturing, promoting, offering for sale, or sale of any dietary supplement, food, drug, device, or health-related program or service, are hereby permanently restrained and enjoined from making any representation, expressly or by implication, including through the use of endorsements or product names:

A.    That any such product, service, or program:

    1.    causes weight loss or any specified amount of weight loss, including but not limited to weight loss with little effort;

    2.    reduces or eliminates fat;

    3.    reduces or curbs appetite;

    4.    increases metabolism; or

    5.    causes permanent weight loss; or

B.      Regarding the health benefits, performance, efficacy, safety, or side effects of any

such product, service, or program;

unless, the representation is true, not misleading, and, at the time the representation is

made, Defendants possess and rely upon competent and reliable scientific evidence that

substantiates the representation.

### FDA APPROVED CLAIMS

**VIII.  IT IS FURTHER ORDERED** that:

A.      Nothing in this Order shall prohibit Defendants from making any representation

for any drug that is permitted in labeling for such drug under any tentative final or

final standard promulgated by the Food and Drug Administration, or under any

new drug application approved by the Food and Drug Administration;

B. .    Nothing in this Order shall prohibit Defendants from making any representation

for any product that is specifically permitted in labeling for such product by

regulations promulgated by the Food and Drug Administration pursuant to the

Nutrition Labeling and Education Act of 1990; and

C.      Nothing in this Order shall prohibit Defendants from making any representation

for any device that is permitted in labeling for such device under any new medical

device application approved by the Food and Drug Administration.

### MONETARY RELIEF

**IX.    IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered against Defendants, jointly and severally, in the

amount of TWO MILLION FIVE HUNDRED THIRTY TWO THOUSAND

FOURTEEN DOLLARS ($2,532,014); *provided, however,* that this judgment

shall be suspended (1) upon the transfer of $3,000 to the FTC or its designated

agent; and (2) as long as the Court makes no finding, as provided in Section X of

this Order, that any defendant materially misrepresented or omitted the nature,

existence, or value of any asset;

B.   Any funds received by the FTC pursuant to this Section IX of this Order shall be

deposited into a fund administered by the FTC or its agent to be used for

equitable relief, including but not limited to consumer redress and any attendant

expenses for the administration of any redress funds. In the event that direct

redress to consumers is wholly or partially impracticable or funds remain after

redress is completed, the FTC may apply any remaining funds for such other

equitable relief, including but not limited to consumer information remedies, as

the FTC determines to be reasonably related to the practices alleged in the

Complaint. Any funds not used for such equitable relief shall be deposited to the

U.S. Treasury as equitable disgorgement. Defendants shall have no right to

challenge the FTC's choice of remedies or the manner of distribution.

C.   While Defendants do not admit any of the facts alleged in the Complaint other

than jurisdictional facts, Defendants agree that the facts as alleged in the

Complaint filed in this action shall be taken as true without further proof in any

bankruptcy case or subsequent civil litigation pursued by the FTC to enforce its

rights pursuant to this Order, including but not limited to a nondischargeability

complaint in any bankruptcy case. Defendants further stipulate and agree that the

facts alleged in the Complaint establish all elements necessary to sustain an action

Page 17 of 29

pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S. C. § 523(a)(2)(A).

D.    The judgment entered pursuant to this Section IX is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture.

E.    Defendants acknowledge and agree that any money paid pursuant to this Order is irrevocably paid to the FTC for purposes of settlement between the FTC and Defendants, and they relinquish all rights, title, and interest to such money.

F.    Upon request, Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC their tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

G.    Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the FTC, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

### RIGHT TO REOPEN

X.    **IT IS FURTHER ORDERED** that, the FTC's agreement to, and the Court's approval of, this Order is expressly premised on the truthfulness, accuracy and completeness of Defendants' financial statements previously submitted to the FTC. If, upon motion by the FTC, the Court finds that the financial statement of any Defendant contains any material misrepresentation or omission, the suspended judgment entered in Section IX of this Order shall become immediately due and payable as to that defendant, less any amounts turned over to the FTC pursuant to Section IX of this Order; *provided, however,*

that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order. For purposes of this Section X, Defendants waive any right to contest any of the allegations in the Complaint.

## MONITORING TO ENSURE COMPLIANCE WITH THE ORDER

XI.   IT IS FURTHER ORDERED that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any product or service, are hereby permanently restrained and enjoined from failing to take all reasonable steps sufficient to monitor and ensure that all Defendants' agents, representatives, employees, independent contractors, and contract telemarketers comply with the requirements of this Order. Such reasonable steps shall include, but are not limited to:

A.   Establishing and following a procedure for receiving and responding to consumer complaints that allege conduct that constitutes a violation of the FTC Act or this Order;

B.   Ascertaining the number and nature of consumer complaints in which each employee or independent contractor is involved;

C.   Promptly and fully investigating any consumer complaint; and

D.  Creating and retaining records demonstrating compliance with this Section, as required by Section XV, including but not limited to, copies of all procedures for receiving and responding to consumer complaints, all documents relating to investigations of consumer complaints, and all documents demonstrating how each consumer complaint is responded to or addressed; *provided, however*, that this subsection does not authorize or require any action that violates any federal, state, or local law.

## PROHIBITION ON COLLECTION OF PAYMENTS AND DISCLOSURE OF CUSTOMER INFORMATION

XII.  **IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, or other entity, who receive actual notice of this Order by personal service or otherwise, in connection with the advertising, promoting, offering for sale, or sale of any dietary supplement, online coaching support program, or product savings program are hereby permanently restrained and enjoined from:

A.  Causing any withdrawal, assessment of a fee, or payment to be made against any consumer account, or otherwise causing collection of, or attempts to collect, payment, directly or indirectly, from a consumer, for any order for any such product or service offered or provided to consumers, where the purported authorization for such order occurred prior to the effective date of this Order without first obtaining from the consumer express informed consent for such order that complies with the requirements of Section III of this Order; and

B.     Selling, renting, leasing, transferring or otherwise disclosing the name, address, birth date, telephone number, email address, Social Security number, credit or debit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom such information was obtained in connection with activities alleged in the Complaint prior to the effective date of this Order; *provided, however*, that such financial or identifying personal information may be disclosed to a law enforcement agency or as required by any law, regulation, or court order.

## COMPLIANCE MONITORING

XIII.  **IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.     Within ten (10) days of receipt of written notice from a representative of the FTC, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in each such Defendant's possession or direct or indirect control, to inspect the business operation;

B.     In addition, the FTC is authorized to use all other lawful means, including but not limited to:

1.     obtain discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.      pose as consumers and suppliers to Defendants, their employees, or any

other entity managed or controlled in whole or in part by any Defendant,

without the necessity of identification or prior notice; and

C.      Defendants each shall permit representatives of the FTC to interview any

employer, consultant, independent contractor, representative, agent, or employee

who has agreed to such an interview, relating in any way to any conduct subject

to this Order.  The person interviewed may have counsel present;

Provided however, that nothing in this Order shall limit the FTC's lawful use of

compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-

1, to obtain any documentary material, tangible things, testimony, or information relevant

to unfair or deceptive acts or practices in or affecting commerce (within the meaning of

15 U.S.C. § 45(a)(1)).

### COMPLIANCE REPORTING BY DEFENDANTS

XIV.  **IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this

Order may be monitored:

A.      For a period of three (3) years from the date of entry of this Order,

1.      Individual Defendants each shall notify the FTC of the following:

a.      Any changes in his residence, mailing addresses, and telephone

numbers, within ten (10) days of the date of such change;

b.      Any changes in his employment status (including self-

employment), and any change in his ownership in any business

entity, within ten (10) days of the date of such change.  Such

notice shall include the name and address of each business that he

is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

    c.    Any changes in his name or use of any aliases or fictitious names; and

2.    Defendants shall notify the FTC of any changes in structure of Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to incorporation or other organization; a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change; *provided, however,* that, with respect to any proposed change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the FTC as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of three (3) years, Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied

and are complying with this Order.  This report shall include, but not be limited

to:

1.    for each Individual Defendant:

    a.    his then-current residence address, mailing addresses, and

        telephone numbers;

    b.    his then-current employment status (including self-employment),

        including the name, addresses, and telephone numbers of each

        business that he is affiliated with, employed by, or performs

        services for; a detailed description of the nature of the business;

        and a detailed description of his duties and responsibilities in

        connection with the business or employment; and

    c.    any other changes required to be reported under subparagraph A of

        this Section XIV;

2.    for all Defendants:

    a.    a copy of each acknowledgment of receipt of this Order obtained

        pursuant to Section XVI; and

    b.    any other changes required to be reported under subparagraph A of

        this Section XIV;

C.    Defendants shall notify the FTC of the filing of a bankruptcy petition by any

    Defendant within fifteen (15) days of filing;

D.    For the purposes of this Order, Defendants shall, unless otherwise directed by the

    FTC's authorized representatives, send all reports and notifications required by

    this Order to the FTC to the following address:

Associate Director, Division of Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Room NJ2122
Washington, D.C. 20580
RE:  FTC v. Complete Weightloss Center;

E.      For purposes of the compliance reporting and monitoring required by this Order,

the FTC is authorized to communicate directly only in writing with Defendants,

provided that the FTC provide simultaneously notice of any such communication

to the Defendants' counsel of record, The Vogel Firm and/or the undersigned

counsel.

### RECORD KEEPING

XV.   **IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of

this Order, in connection with any business where (1) any Defendant is the majority

owner of the business or directly or indirectly manages or controls the business, and (2)

the business is engaged in negative option marketing or the marketing or sale of any

dietary supplement, food, drug, device, or health-related product, service, or program,

each Defendant and its officers, agents, servants, employees, attorneys, and those

persons in active concert or participation with them, whether acting directly or through

any sole proprietorship, partnership, limited liability company, corporation, subsidiary,

branch, division, or other entity, who receive actual notice of this Order by personal

service or otherwise, are hereby restrained and enjoined from failing to create and retain

the following records:

A.      Accounting records that reflect the cost of products or services sold, revenues

generated, and the disbursement of such revenues;

B.   Personnel records accurately reflecting: the name, address, and telephone number

of each person employed in any capacity by such business, including as an

independent contractor; that person's job title or position; the date upon which the

person commenced work; and the date and reason for the person's termination, if

applicable;

C.   Customer files containing the names, addresses, phone numbers, dollar amounts

paid, quantity of items or services purchased, and description of items or services

purchased, to the extent such information is obtained in the ordinary course of

business;

D.   Complaint and refund requests (whether received directly, indirectly or through

any third party) and any responses to those complaints or requests;

E.   Copies of all sales scripts, training materials, advertisements, or other marketing

materials; and

F.   All records and documents necessary to demonstrate full compliance with each

provision of this Order, including but not limited to, copies of all procedures for

receiving and responding to consumer complaints, all documents relating to

investigations of consumer complaints, and all documents demonstrating how

each consumer complaint was responded to or addressed, required by Section XI;

acknowledgments of receipt of this Order, required by Sections XVI and XVII;

and all reports submitted to the FTC pursuant to Section XIV.

## DISTRIBUTION OF ORDER BY DEFENDANTS

XVI.   **IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry

of this Order, Defendants shall deliver copies of this Order as directed below:

A.   Corporate Defendant must deliver a copy of this Order to all principals, officers, directors, and managers, and all employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Corporate Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.   Individual Defendant as control person: For any business entity that an Individual Defendant controls, directly or indirectly, or in which such Individual Defendant has a majority ownership interest, such Individual Defendant must deliver a copy of this Order to all principals, officers, directors, and managers, and all employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Individual Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.   Individual Defendant as employee or non-control person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of the Order, such Individual Defendant must deliver a copy of this Order to all principals and managers of such business entity before engaging in such conduct.

D.   Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

E.    When serving copies of this Order to any person required by this Section XVI, Defendants may redact Sections IX, X, XIII, XIV, XVI, XVII, and XVIII of the Order.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS

XVII. **IT IS FURTHER ORDERED** that Defendants, within five (5) business days of receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

XVIII.    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**STIPULATED AND AGREED TO BY:**

COMPLETE WEIGHTLOSS CENTER, INC., Defendant

By: _Terry Guthmiller_

Address: _7074 Lilly Dr, Bismarck, ND_

TERRY GUTHMILLER, Defendant

DAVID GUTHMILLER, Defendant

MONTE ROGNEBY
MICHAEL RAUM
The Vogel Law Firm
200 3rd Street N, #201
Bismarck, ND 58502
Phone: (701) 258-7899
Facsimile: (701) 258-9705
Email: mrogneby@vogellaw.com
Email: mraum@vogellaw.com
Attorneys for Defendants

GREGORY A. ASHE
Federal Trade Commission
600 Pennsylvania Avenue, NW, Room NJ-2122
Washington, DC 20580
Phone: (202) 326-3719
Facsimile: (202) 326-2558
Email: gashe@ftc.gov
Attorney for Plaintiff

**IT IS SO ORDERED**, this _14th_ day of ___May_____, 2008.

UNITED STATES DISTRICT JUDGE